IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANINSON YOELBYS MOLINA DIAZ,

Petitioner,

v. No. 1:26-cv-01643-KG-DLM

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Aninson Yoelbys Molina Diaz's Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 6, and Petitioner's Reply, Doc. 7. Petitioner has also filed a Motion for a Temporary Restraining Order ("TRO"). Doc. 8. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and denies his petition for the reasons below. The Court likewise dismisses his Motion for a TRO as moot, Doc. 8.

Petitioner, a native and citizen of Venezuela, entered the United States without inspection or parole in 2023. Doc. 6 at 2. At that time, the Department of Homeland Security ("DHS") briefly detained Petitioner but released him on his own recognizance. Doc. 1 at 13–14, 17. Petitioner applied for asylum and withholding of removal. Doc. 1 at 19. He has no criminal history. *Id.* at 9.

In 2024, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, placing him in full removal proceedings. Doc. 6 at 6.

On February 20, 2026, an immigration judge ordered Petitioner removed, denying his application for asylum. *Id.* at 12. Petitioner waived his appeal of that decision, rendering his removal order final on February 20, 2026. Doc. 1 at 2; Doc. 6 at 4, 12.

DHS took Petitioner into immigration custody on April 9, 2026. Doc. 1 at 4, 6. When Petitioner filed the Habeas Petition, Doc. 1, he was detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc. 8 at 1. However, on July 20, 2026, DHS transferred him to a detention facility in Montana. *Id.*

Petitioner argues that his continued detention without a bond hearing violates his right to due process under the Fifth Amendment and the Immigration and Nationality Act ("INA"). *See* Doc. 1 at 10–11. The Government opposes the Petition, arguing that Petitioner's detention remains lawful under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), because Petitioner is subject to a final order of removal and has not yet been detained for six months.

Petitioner has also filed a Motion for a Temporary Restraining Order, seeking to enjoin the Government from transferring him again until this matter is resolved. Doc. 8.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(c). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id*. at 701.

Applying these principles, Petitioner's detention remains lawful under § 1231. An immigration judge ordered Petitioner removed on February 20, 2026. Doc. 6 at 12. Petitioner waived appeal of that decision, rendering it final that same day. Doc. 1 at 2; Doc. 6 at 4, 12; *see* 8 C.F.R. § 1241.1(b) (order becomes administratively final "upon waiver of appeal by the respondent"). DHS took Petitioner into immigration custody on April 9, 2026, which triggered the *Zadvydas* clock. Doc. 1 at 4. As of the date of this Order, Petitioner has been detained for approximately four months. Accordingly, his detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

The Petition for a Writ of Habeas Corpus, Doc. 1, is therefore denied without prejudice. Petitioner may file a new habeas petition if he remains detained beyond the six-month period. Because the Court denies the Petition, Petitioner's Motion for a TRO, Doc. 8, is dismissed as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.